## Case No. 11,441.

### PROCTOR v. McBRIDE.

[Cox, Manual Trade-Mark Cas. 382.]

Circuit Court, N. D. Illinois. 1875.

INFRINGEMENT OF TRADE-MARK.

[A trade-mark for soap, consisting of the words. "Mottled German Soap," with a circle having a moon and several stars in the middle, *held* infringed by the use of the words "S. W. McBride's German Mottled Soap" (McBride being the maker), in connection with a crescent having a single star within it. notwithstanding that "Mottled German Soap" or "Mottled Soap" had been in common use for many years.]

[Cited in Roberts v. Shelton, Case No. 11,916.]

In equity.

BLODGETT, District Judge. A suit was brought by Proctor & Gamble against McBride & Co., of this city, to enjoin the use of a trade-mark which had been adopted by Proctor & Gamble for a certain brand of soap which they manufactured. Proctor & Gamble claimed that they had introduced to the public, under a trade-mark of their own, a brand of soap under the term and designation of "Mottled German Soap," and they had adopted as a trade-mark upon their packages those words, with a circle with a moon and stars in the middle. The defendants,

McBride & Co., who were manufacturers in this city, had put upon the market a brand of soap which was termed "S. W. McBride's German Mottled Soap," and they had marked these words upon the outside of the packages, in combination with a crescent, within which was a single star instead of a number of stars. The defendants departed widely from the complainant's trade-mark. They changed the arrangement of the words, so instead of its being "Mottled German Soap" it was "German Mottled Soap," and instead of a circle containing several stars it was a crescent containing a single star, prefixed by the name of each maker; and it was argued in that case there could be no possibility of intelligent consumers being deceived. So strong was the case made before me on an application for an injunction that I refused the injunction; but after the proofs were taken, and the case brought to hearing before Judge Drummond, he sustained the infringement, and ordered a perpetual injunction against the defendants. It was also shown in that case that "mottled German soap" or "mottled soap" had been in common use in the trade for nearly fifty years, and that "mottled soap" was a commodity well known to the trade; but Judge Drummond sustained that trade-mark as the exclusive property of the complainant, and held that the defendants infringed.